UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AUSTIN HUNTER,

                        Plaintiff,

          - against -

DARRYL VALINCHUS TELEFORE,[1]
DANIELLE DAVIS, NICOLE FELICE,
PAMELA BLOOMFIELD, TIMOTHY D.
SINI, JOHN McGLYNN, GERALDINE
HART, CATHERINE CASH, ANDREW
YOUNG, PATRICK BOYLES, DET.
MURPHY, MARK PAV, S. CAREY, and
ERIC SORRENTINO,

                        Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-78 (PKC) (AYS)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Austin Hunter, currently incarcerated at Suffolk County Correctional Facility, filed the instant *pro se* complaint alleging violations of his civil rights during his arrest and subsequent criminal prosecution in Suffolk County. The Court grants Plaintiff's application to proceed *in forma pauperis*.

       For the reasons discussed below, Plaintiff's claims against Darryl Valinchus, Assistant District Attorney Danielle Davis, Assistant District Attorney Nicole Felice, Assistant District Attorney Pamela Bloomfield, District Attorney Timothy D. Sini, Suffolk County Police Commissioner Geraldine Hart, Detective John McGlynn, Police Officer Catherine Cash, Detective Andrew Young, Detective Murphy, Police Officer Mark Pav, Sergeant S. Carey, and forensic

---

[1] Although the caption of Plaintiff's Complaint lists "Darryl Valinchus Telefore" as a defendant, it appears that "Telefore" refers to Telefore LLC, the entity with which Defendant Darryl Valinchus is associated. (*See* Complaint ("Compl."), Dkt. 1, at ECF 4.) Based on the allegations in the Complaint, the Court understands the relevant defendant to be Darryl Valinchus.

1

scientist Eric Sorrentino are dismissed.  Plaintiff's claim of excessive force against Police Officer Patrick Boyles shall proceed.

## BACKGROUND

Plaintiff, who is in custody and awaiting sentencing for his conviction on drug possession charges in state court, brings this action in connection with his ongoing criminal proceedings, alleging that he was falsely arrested on May 2, 2019, and maliciously prosecuted.  (*See generally* Compl., Dkt. 1, at ECF[2] 1–3, 5, 7–16.)  Plaintiff also alleges that he was thrown to the ground during his arrest, and Police Officer Patrick Boyles put his knee on Plaintiff's neck, pointed a gun at Plaintiff's head, cursed and used a racial slur, and "kneed [Plaintiff] in [his] right eye." (*Id.* at ECF 4, 13.)  Furthermore, Plaintiff alleges that Defendants conspired against him to ensure his prosecution and conviction.  For example, Plaintiff asserts that Detectives Andrew Young and John McGlynn "conspired to make [the] first [indictment] stick by falsifying documents in order to make [the] case strong" (*id.* at ECF 15), and Assistant District Attorneys Danielle Davis, Nicole Felice, and Pamela Bloomfield allegedly conspired with trial witness Darryl Valinchus "in putting together their own extraction report" (*id.* at ECF 7), and knowingly filed false statements and withheld evidence (*id.* at ECF 5).  Plaintiff asserts that District Attorney Timothy D. Sini "allowed" the purported malicious prosecution against Plaintiff to proceed (*id.* at ECF 5, 8), and he asserts that Suffolk County Police Commissioner Geraldine Hart "allowed all the corrupt [detectives and police officers] to continue working & advancing in rank while having countless [Internal Affairs Bureau] cases" (*id.* at ECF 5; *see also id.* at ECF 10).  Plaintiff seeks monetary damages and dismissal of his state court case. (*Id.* at ECF 6.)

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**DISCUSSION**

**I.        Legal Standard**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in a complaint are assumed to be true, this rule does not extend "to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

At the same time, *pro se* pleadings are to "be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, federal courts "remain obligated to construe a *pro se* complaint liberally"). This tenet of liberally construing *pro se* complaints holds true "particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)); *accord Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915A, a district court "shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court is required to dismiss *sua sponte* a prisoner's complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b); *accord Tapia-Ortiz v. Winter*, 185 F.3d 8, 11

(2d Cir. 1999) (per curiam). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**II. Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983). "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

**A. Plaintiff's Claims Against the Prosecutors**

Plaintiff's claims against Suffolk County Assistant District Attorneys ("ADAs") Danielle Davis, Nicole Felice and Pamela Bloomfield must be dismissed, as prosecutors are entitled to absolute immunity for their acts that are intimately associated with the judicial phase of the criminal process and their role as advocates. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) ("[P]rosecutorial actions that are 'intimately associated with the judicial phase of the criminal process' . . . are absolutely immune from liability in § 1983 lawsuits[.]" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))); *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'" (quoting *Imbler*, 424 U.S. at 431)). The ultimate inquiry is "whether a reasonable prosecutor would view the acts challenged by the complaint as reasonably

4

within the functions of a prosecutor." *Ogunkoya*, 913 F.3d at 69 (quoting *Giraldo v. Kessler*, 694 F.3d 161, 166 (2d Cir. 2012)).

Plaintiff's allegations against the ADAs arise from their prosecution of him. Specifically, Plaintiff alleges that the ADAs conspired to present perjured testimony, fabricated and withheld exculpatory evidence, and coerced witness testimony in the course of prosecuting a case against him. (*See* Compl., Dkt. 1, at ECF 5, 7–8.) The challenged acts are reasonably within the functions of a prosecutor. *See Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) ("[T]he initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions."). Plaintiff does not allege any facts that suggest the ADAs were acting outside the scope of their authority. Moreover, absolute immunity attaches "regardless of any allegations that [the prosecutor's] actions were undertaken with an improper state of mind or improper motive." *Shmueli*, 424 F.3d at 237 (2d Cir. 2005); *see also Giraldo*, 694 F.3d at 165 ("Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." (internal quotation marks and alteration omitted)). Notably, a prosecutor is "entitled to absolute immunity despite allegations of [her] 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.'" *Shmueli*, 424 F.3d at 237 (quoting *Imbler*, 424 U.S. at 431 n.34). Thus, the claims against ADAs Davis, Felice, and Bloomfield must be dismissed because these defendants are immune from suit. *See* 28 U.S.C. § 1915A(b)(2).

   **B.**   **Plaintiff's Claims Against Supervisory Defendants**

Plaintiff alleges that Suffolk County District Attorney Timothy D. Sini "allowed" the purported malicious prosecution against Plaintiff "by allowing ADAs Pamela Bloomfield, Danielle Davis & Nicole Felice to proceed with a superseding indictment . . . [and] allowed them to work together to build a case around blatant lies [and] fabricating stories [and using] corrupt

5

avenues to obtain evidence to make [Plaintiff] out to be a bad guy." (Compl., Dkt. 1, at ECF 8.) Plaintiff similarly alleges that Suffolk County Police Commissioner Geraldine Hart "allowed crooked Detectives [and] Police Officers to continue working on cases, after knowing [of] their numerous cases of corruption," which violated his rights. (*Id.* at ECF 10.)

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). A plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Moreover, the Circuit recently held that, following the Supreme Court's decision in *Iqbal*, a plaintiff must sufficiently allege a supervisory official's *direct* involvement in an alleged constitutional violation to state an actionable claim against that official. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (citing *Iqbal*, 556 U.S. at 676). In other words, "the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights." *Id.* (quoting *Porro v. Barnes*, 624 F.3d 1322, 1327–28 (10th Cir. 2010)).

Here, Plaintiff fails to allege any facts indicating that either District Attorney Sini or Commissioner Hart was directly involved in the events or actions that allegedly occurred in connection with Plaintiff's arrest and prosecution. Because Plaintiff's claims fail to allege the personal involvement of these defendants, they fail as a matter of law and cannot proceed. *See* 28 U.S.C. § 1915A(b)(1); *Tangreti*, 983 F.3d at 618; *see also Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order) (affirming dismissal of a plaintiff's claims against a supervisory defendant because the plaintiff "failed to allege sufficient personal involvement" with respect to that defendant).

### C. Plaintiff's Claims Against the Police Officers

Plaintiff alleges that Sergeant S. Carey, Detective John McGlynn, Detective Andrew Young, Detective Murphy, Police Officer Catherine Cash, and Police Officer Mark Pav violated his rights by conspiring to ensure his arrest and prosecution, illegally seizing and tampering with evidence, and intimidating witnesses, all of which led to his conviction. (*See* Compl., Dkt. 1, at ECF 8–10, 12–16.) These claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), which holds that a state prisoner's § 1983 action is barred if success in that action would necessarily demonstrate the invalidity of a criminal conviction or sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis removed)). To the extent Plaintiff seeks to argue that he was falsely arrested and denied a fair trial by the actions of the police officers and detectives in this case, such claims plainly call into question the validity of his conviction, which has not been overturned or otherwise invalidated. *Heck*'s favorable termination rule accordingly bars these § 1983 claims, and they must be dismissed. *See* 28 U.S.C. § 1915A(b)(1); *Heck*, 512 U.S. at 486–87.

Additionally, Plaintiff's conclusory allegations that law enforcement officers engaged in a conspiracy to violate Plaintiff's constitutional rights must be dismissed. A § 1983 claim of conspiracy requires showing: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999) (citations omitted). "A plaintiff must allege facts that plausibly suggest a

7

'meeting of the minds' and provide some details of time and place." *Graham v. City of New York*, 16-CV-4613 (NGG) (CLP), 2018 WL 1157818, at *9 (E.D.N.Y. Mar. 2, 2018) (quoting *AK Tournament Play, Inc. v. Town of Wallkill*, No. 09-CV-10579 (LAP), 2011 WL 197216, at *3 (S.D.N.Y. Jan. 19, 2011)). Because the Complaint provides no factual content that plausibly suggests an agreement or meeting of the minds, Plaintiff's claim of conspiracy against the law enforcement officers in this case is dismissed. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed[.]" (citation omitted)).

Plaintiff, however, has stated a plausible claim of excessive force against Police Officer Patrick Boyles at this stage, and that claim may proceed. The Fourth Amendment prohibits the use of "unreasonable" force by a police officer who is effecting an arrest. *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The test is one of "objective reasonableness" and includes "consideration of at least three factors: (1) the nature and severity of the crime leading to the arrest, (2) whether the suspect poses an immediate threat to the safety of the officer or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Id.* (citations omitted); *see also Graham*, 490 U.S. at 396. Here, Plaintiff alleges that at the time of his arrest he "had on his person only one burnt hand rolled cigarette containing plant material." (Compl., Dkt. 1, at ECF 13.) Yet, in effectuating Plaintiff's arrest, Boyles allegedly "put his knee on [Plaintiff's] neck, [pointed a] gun to [Plaintiff's] head & kneed [Plaintiff] in [his] right eye, the[n] called [Plaintiff] a f—ing drug dealing n—ger . . . ." (*Id.*) According to Plaintiff, he "wasn't resisting." (*Id.*) Plaintiff moreover alleges that he has had "numerous eye exams" since the incident, and he continues to experience problems with his right

8

eye. (*See id.* at ECF 5.) At this stage, these allegations sufficiently state a claim of unreasonable, excessive force. *See Rogoz v. City of Hartford*, 796 F.3d 236, 241, 250–51 (2d Cir. 2015) (reversing grant of summary judgment to a police officer on an excessive-force claim, where the officer kneed plaintiff in the back when plaintiff was not resisting, had no history of violence, and was compliant and prone on the ground); *Depalma v. New York State*, No. 14-CV-58 (LEK) (CFH), 2016 WL 1305972, at *4 (N.D.N.Y. Mar. 31, 2016) (denying summary judgment on an excessive-force claim, where a police officer slammed a knee into the plaintiff's face while arresting the plaintiff for felony drug possession). Accordingly, Plaintiff's claim of excessive force against Defendant Boyles may proceed.

### D.   Plaintiff's Claims Against the Trial Witness and Forensic Scientist

Plaintiff alleges that trial witness Darryl Valinchus conspired with the ADAs "to make up their own extraction report" (Compl., Dkt. 1, at ECF 5), and "while [Valinchus] was on the witness stand he spoke of [the extraction report]," even though the report had been "withheld from evidence" (*id.* at ECF 7). Trial witnesses have absolute immunity with respect to any § 1983 claims arising from their testimony, even if it is alleged that such testimony was perjured. *See Briscoe v. LaHue*, 460 U.S. 325, 335–36, 345–46 (1983) (affirming dismissal of § 1983 claims arising from police officers' perjurious testimony during trial); *Sykes v. James*, 13 F.3d 515, 519–21 (2d Cir. 1993) (holding that plaintiff's due-process claim was barred because defendant, as a witness, was absolutely immune from liability for the allegedly false evidence he furnished); *Grant v. Cafferri*, No. 19-CV-2148 (RRM) (LB), 2019 WL 6526007, at *9 (E.D.N.Y. Dec. 4, 2019) (concluding that an allegation that the defendants gave perjured testimony was not sufficient to render the defendants liable under § 1983). Accordingly, Plaintiff's claim against Defendant Valinchus must be dismissed. *See* 28 U.S.C. § 1915A(b)(2).

9

Finally, Plaintiff alleges that forensic scientist Eric Sorrentino "sign[ed] falsified documents." (Compl., Dkt. 1, at ECF 16.) Plaintiff alleges no other facts in support of his claim against Sorrentino. Plaintiff's bare, conclusory allegations are insufficient to state a plausible claim for relief, and thus, his claims against Defendant Sorrentino are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Plaintiff's claims against the following defendants are dismissed pursuant to 28 U.S.C. § 1915A: Darryl Valinchus, Danielle Davis, Nicole Felice, Pamela Bloomfield, Timothy D. Sini, Geraldine Hart, John McGlynn, Catherine Cash, Andrew Young, Detective Murphy, Mark Pav, S. Carey, and Eric Sorrentino. No summons shall issue against these defendants, and they are terminated as parties to this action. Plaintiff's claim of excessive force against Defendant Patrick Boyles shall proceed. The Clerk of Court shall issue a summons as to Defendant Boyles, and the United States Marshal Service is directed to serve the Summons, Complaint, and this Order upon Defendant Boyles without prepayment of fees.

This action is referred to the Honorable Anne Y. Shields for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 8, 2021
Brooklyn, New York